**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
*Pro Se* Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY MARTINO, On Behalf of Himself and All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID MAZIE, ESQ., ADAM SLATER, ESQ. AND MAZIE SLATER KATZ & FREEMAN LLC (hereinafter "Mazie Slater")<br><br>Defendants. | Case No. _____<br><br>NOTICE OF REMOVAL BY DEFENDANTS DAVID MAZIE, ESQ., ADAM SLATER, ESQ., AND MAZIE, SLATER, KATZ, AND FREEMAN LLC |

**PLEASE TAKE NOTICE** that Defendants David Mazie, Adam Slater, and Mazie, Slater, Katz & Freeman, LLC (collectively "Defendants") hereby remove this action, which arises from the Benicar MDL presided over by the Hon. Robert B. Kugler, U.S.D.J., in the United States District Court, District of New Jersey, Camden Vicinage. The Benicar MDL settled for at least $358 million. This action was originally filed in the Superior Court of New Jersey – Law Division, Essex County, Docket No.: ESX-L-008473-21 (the "State Court Action"). Removal is appropriate pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, 1453, and the Class Action Fairness Act of 2005 ("CAFA"). The grounds for removal are set forth herein.

## I.    INTRODUCTION

1.    On or about November 10, 2021, plaintiff Anthony Martino ("Plaintiff") commenced a putative class action in the Superior Court of New Jersey – Law Division, Essex County, entitled *Anthony Martino, On Behalf of Himself and All Other Persons Similarly Situated*

*v. David Mazie, Esq., Adam Slater, Esq. and Mazie Slater Katz & Freeman LLC,* Docket No.: ESX-L-008473-21. A copy of the Complaint and Jury Demand ("Complaint"), Civil Case Information Statement, and Summonses, are attached hereto as Exhibit "A." The Complaint alleges three causes of action: legal malpractice, conversion, and unjust enrichment. (Exhibit "A", ¶¶ 18-32).

## II.    THIS COURT HAS JURISDICTION

2.    This Court has original jurisdiction over this action pursuant to CAFA, codified at 28 U.S.C. § 1332(d). CAFA provides this Court with original jurisdiction of this action and permits Defendants to remove the State Court Action from the Superior Court of New Jersey – Law Division, Essex County, to the United States District Court for the District of New Jersey.[1]

3.    CAFA vests District Courts with original jurisdiction over class actions when the aggregate amount in controversy for all putative class members exceeds $5 million (exclusive of interest and costs) and when any member of the putative class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). These requirements are satisfied here, and thus removal is proper.

### A.    Class Action

4.    The State Court Action is a class action as defined by CAFA. CAFA provides: "[T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

---

[1]    It is respectfully submitted that this matter should be assigned to the Camden vicinage and more specifically to the Hon. Robert B. Kugler, who presided over the Benicar MDL and is the Judge best situated to preside over this case due to his unparalleled familiarity with the facts.

5.      Plaintiff filed the State Court Action as a putative class action on behalf of himself and a putative class of at least 200 plaintiffs.  (Exhibit "A", ¶ 12).

6.      The New Jersey rule governing the maintenance of class actions, *R.* 4:32-1, *et seq.*, is modeled upon and, thus, analogous to Federal Rule of Civil Procedure 23.

7.      The State Court Action therefore falls within the definition of a "class action" pursuant to CAFA.

**B.      Removal Pursuant to CAFA**

8.      CAFA provides that a class action against a non-governmental entity may be removed if: (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, excluding interest and costs.  28 U.S.C. § 1332(d), (d)(5), and § 1453(b).  Those requirements are all met here.

**i.      Plaintiff's Proposed Class**

9.      Plaintiff purports to represent a nationwide class of "at least 200 members" consisting of individuals who were represented by Mazie Slater in the underlying pharmaceutical products liability actions.  (Exhibit "A" ¶11, 12, 19).

10.     Therefore, CAFA's minimum putative class size of 100 members is satisfied.

**ii.      Diversity of Citizenship Pursuant to CAFA**

11.     Plaintiff is an individual residing in Brooklyn, New York.  (Exhibit "A" ¶2).

12.     Defendant Mazie, Slater, Katz & Freeman, LLC is a limited liability company with an office located in Roseland, New Jersey.  (Exhibit "A" ¶3, 5).

13.     Defendant David Mazie is a resident of Morris County, New Jersey. (Exhibit "A" ¶5).

14.    Defendant Adam Slater is a resident of Passaic County, New Jersey.

(Exhibit "A" ¶5).

15.    Because at least one member of the proposed class of plaintiffs is a citizen of a state

different from all Defendants within the meaning of 28 U.S.C. § 1332(d)(2)(A), CAFA's diversity

of citizenship requirement is satisfied.

### iii.    Amount in Controversy

16.    CAFA's third requirement – that the aggregate amount in controversy, exclusive of

interest and costs, exceed $5 million – is also satisfied. 28 U.S.C. § 1332(d)(2).

17.    The Complaint states in relevant part:

Adam Slater, of Mazie Slater was part of the leadership in the litigation being designated as co-lead counsel and also a member of the Plaintiffs' Executive Committee in this case.

(Exhibit "A" ¶8).

Additionally, Adam Slater was a member of the leadership committee that handled the litigation and was a member of the fee split committee that determined the allocation of the fees and costs paid to the leadership firms. **In that role, Slater voted his firm millions in fees and costs for work that had been performed for his individual clients.**

(Exhibit "A" ¶9 (emphasis added)).

On information and belief, Slater never disclosed to his clients that his firm had, or would receive substantial fees and costs for the same, or substantially same, work that he had performed for each client and for which he received a full fee under the individual retainer agreements.

(Exhibit "A" ¶10).

**After the case was settled through a global settlement, defendants were obligated to seek approval of any fees charged in excess of $3 million under the applicable court rules. Defendants intentionally failed to seek court approval and instead charged the maximum amount to each class member in total disregard for the requirement of the court rules.**

(Exhibit "A" ¶21).

On information and belief, Slater never disclosed to his clients that his firm had, or would receive substantial fees and costs for the same, or substantially same, work that he had performed for each client and for which he received a full fee under the individual retainer agreements.

(Exhibit "A" ¶22).

Defendants failed to honor the New Jersey Court Rules and took fees and costs without court approval. **They further recovered millions in fees and costs in their leadership role for which no credit was given to their individual clients.**

(Exhibit "A" ¶27).

By and through Defendants' failure to credit the plaintiff and class members with reimbursement of expenses that Defendants received from the Benicar settlement as part of their leadership position, Mazie Slater has retained a benefit to which it is not entitled.

(Exhibit "A" ¶31).

18.    The Complaint demands judgment of compensatory damages, punitive damages, and attorneys' fees, based on the claims of legal malpractice, conversion, and unjust enrichment.

19.    The attorneys' fees and expenses at issue exceed $8.95 million.

20.    New Jersey law permits the recovery of punitive damages in the maximum amount of five times the amount of compensatory damages, or $350,000, whichever is greater. Thus, the potential punitive damages in this case are in the tens of millions of dollars. N.J.S.A. 2A:15-5.14. This increases the amount in controversy for purposes of removal. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 508 (3d Cir. 2014) (citing *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) ("Accordingly, punitive damages, when available under applicable law, may be considered by a court in assessing federal jurisdiction.")

21.    New Jersey law permits the recovery of attorneys' fees in a class action. This increases the amount in controversy, and in a case of this nature those attorneys fees could accumulate to an amount in excess of $1 million. *Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 227

(3d Cir. 2019) (citing *Neale v. Volvo Cars of N.A., LLC*, 794 F.3d 353, 357 n.1 (3d Cir. 2015)

("attorneys' fees . . . **do count for CAFA's amount-in-controversy threshold**").

22.    Therefore, CAFA's requirement that the aggregate amount in controversy exceed

$5 million is met here.

**III.    28 U.S.C. § 1446 REQUIREMENTS**

      **A.    This Notice of Removal Is Timely Filed**

23.    This notice of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b),

because it is filed within thirty (30) days after Defendants were served with the Complaint, which

was filed in the Superior Court of New Jersey on or about November 10, 2021 and served on

Defendants on November 15, 2021.  (*See* Exhibit "A").

      **B.    Procedural Requirements**

24.    Section 1446(a) requires a removing party to provide this Court with copies

of all "process, pleadings and orders" served on it in the State Court Action.  The

Summonses, Complaint and Civil Case Information Statement from the State Court Action

are attached hereto as Exhibit "A".

25.    Exhibit "A" constitutes all of the "pleadings, process, and orders" in the State Court

Action filed in the Superior Court of New Jersey – Law Division, Essex County.

26.    Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a Notice of Filing of the

Notice of Removal with the Clerk of the Superior Court, Essex County, and serving Plaintiff with

same.  A copy of the Notice to the Clerk of the Filing of Notice of Removal from the Superior

Court, Essex County (which is being filed with that state court and served on Plaintiff) is attached

hereto as Exhibit "B".

## IV.    THE CAUSE OF ACTION AROSE IN CAMDEN COUNTY

27.    This action arises out of the Benicar lawsuits consolidated as a multidistrict litigation ("MDL") assigned to the Hon. Robert B. Kugler, U.S.D.J., in the District of New Jersey, in the Camden Vicinage, and settled for at least $358 million.  (Exhibit "A" ¶ 6, 7).

28.    The terms of the Benicar MDL settlement were reached in large part through extensive negotiations that occurred in the Federal Courthouse in Camden.  The negotiations that ultimately resulted in the settlement were mediated by then United States Magistrate Judge, the Honorable Joel Schneider (Retired), in the Federal Courthouse in Camden.  All of the claims here arise from that settlement, and the MDL Court's implementation and supervision of that settlement.

29.    Similarly, the common benefit fees and expenses at the heart of the Complaint were awarded by – and could not have existed without – the MDL Court, based in part on the recommendations of a Common Benefit Committee of plaintiff attorneys ("CBC"), including co-lead counsel Adam Slater.  Those recommendations were established in significant part during a meeting of the committee that occurred at the Federal Courthouse in Camden.

30.    The existence, availability, criteria, administrative process, recipients, and allocations of and for payment of the amounts of the common benefit fees and expenses were established by the MDL Court through Orders entered by the MDL Court in Camden, including:

- **CASE MANAGEMENT ORDER NO. 3 TIME AND EXPENSE REPORTING OF COMMON BENEFIT FEES AND RELATED COSTS** (ECF Document No. 21).  This document is attached hereto as Exhibit "C".  The Order states in part:

    "The Court recognizes that at some time in the future, there may be applications to this Court by attorneys for payment of common benefit fees and/or expenses. The Court also acknowledges that reasonable common benefit time and expenses are necessary for the collective prosecution of all cases in this MDL litigation. . . The recovery of compensation for common

benefit time expended and cost reimbursements for Participating Counsel will be allowed and is essential in this MDL litigation."

- **CASE MANAGEMENT ORDER NO. 35 COMMON BENEFIT ASSESSMENTS TO COMPENSATE PARTICIPATING COUNSEL FOR COMMON BENEFIT FEES AND RELATED COSTS** (ECF Document No. 1145). This document is attached hereto as Exhibit "D".

- **CASE MANAGEMENT ORDER NO. 40 REGARDING AMENDMENT OF COMMON BENEFIT ASSESSMENTS TO COMPENSATE PARTICIPATING COUNSEL FOR COMMON BENEFIT FEES AND RELATED COSTS** (ECF Document No. 1215). This document is attached hereto as Exhibit "E". This Order states in part:

  This matter comes before the Court on the motion and supporting memorandum of Plaintiffs' attorneys, through the Plaintiffs' Executive Committee, seeking to amend Case Management Order ["CMO"] 35 as to the total assessment amount ["Assessment Amount"] deducted from the Gross Monetary Recovery ["GMR"] **in each participating case or claim in this Multi-District Litigation ["MDL"] or Olmesartan Settlement Agreement Program ["the settlement program"] as well as the amount apportioned from the Assessment Amount to pay expenses and costs and attorneys' fees.** (Emphasis added).

- **CASE MANAGEMENT ORDER NO. 41 REGARDING APPOINTMENT OF THE COMMON BENEFIT COMMITTEE ["CBC"] AND ITS CREATION OF A COMMON BENEFIT REQUEST PLAN** (ECF Document No. 1220). This document is attached hereto as Exhibit "F". The Order stated in part that the Court, "**expressly retains jurisdiction over approval of the CB Request Plan as well as over the conduct of the CBC in executing the Plan."** (Emphasis added).

- **Case Management Order NO. 41A REGARDING FURTHER APPOINTMENT TO THE COMMON BENEFIT COMMITTEE ("CBC")** (ECF Document No. 1222). This document is attached hereto as Exhibit "G".

- **CASE MANAGEMENT ORDER NO. 41B REGARDING COMMON BENEFIT COMMITTEE AND COMMON BENEFIT PROCESS** (ECF Document No. 1223). This document is attached hereto as Exhibit "H". This Order states in part: "The CBC shall also provide updates to the Court on a regular basis, as often as the Court may request, and comply with any and all directions from the Court. . . The Court will thereafter issue an Order rendering the Court's final awards and allocation."

- **November 14, 2019 Memorandum Opinion and Order** (ECF Document No. 1261). This document is attached hereto as Exhibit "I".    This Order stated in part:

> On 10 September 2019, the Common Benefit Committee ["CBC" or "Committee"] of the *In re Benicar®* multi-district litigation ["MDL"] submitted its Final Recommendation ["Final"] of the awards of attorneys' fees and costs for work and expenses done for the common benefit of all MDL plaintiffs. This submission was made only after the Committee's unanimous vote in favor of the awards listed in the Final. I have carefully reviewed the Final and find its proposed distribution of attorneys' fees and costs to be transparent, fair, reasonable, and consistent both across plaintiffs' law firms and across the categories of common work performed.

- **November 14, 2019 Common Benefit Order** (ECF Document No. 1263).  This document is attached hereto as Exhibit "J".

31.    The Complaint recognizes and relies on the MDL Court's oversight and control of

the settlement, attorneys' fees and expenses, and common benefit allocations as a substantial basis

for the claims pled, including:

> After the case was settled through a global settlement, defendants were obligated to seek approval of any fees charged in excess of $3 million under the applicable court rules. **Defendants intentionally failed to seek court approval and instead charged the maximum amount to each class member in total disregard for the requirement of the court rules.**

(Exhibit "A" ¶21 (emphasis added)).

> On information and belief, Slater never disclosed to his clients that his firm had, or would receive substantial fees and costs for the same, or substantially same, work that he had performed for each client and for which he received a full fee under the individual retainer agreements.

(Exhibit "A" ¶22).

> Defendants failed to honor the New Jersey Court Rules and took fees and costs **without court approval. They further recovered millions in fees and costs in their leadership role for which no credit was given to their individual clients.**

(Exhibit "A" ¶27 (emphasis added)).

> **By and through Defendants' failure to credit the plaintiff and class members with reimbursement of expenses that Defendants received from the Benicar settlement as part of their leadership position, Mazie Slater has retained a benefit to which it is not entitled.**

(Exhibit "A" ¶31 (emphasis added)).

32.     L. Civ. R. 40.1(a) provides in relevant part that: "Each civil case shall be allocated by the Clerk of the Court to Camden, Newark or Trenton at the time it is commenced. The Clerk shall consider the residence of the defendant, the convenience of litigants, counsel and witnesses, and the place where the cause of action arose."

33.     The causes of action arose, at least in substantial part, from the decisions and supervisory authority of the MDL Court, including the contents of the Orders cited herein. Thus, the Camden vicinage is the most appropriate vicinage for allocation of this case.  This will also facilitate assignment of this case to the Hon. Robert B. Kugler, U.S.D.J., who presided over the Benicar MDL, filed the relevant Orders, supervised the conduct of the attorneys appearing, and is thus the best situated Judge for this matter.

34.     The convenience of the litigants, counsel and witnesses, militates for Camden as well.  Beginning with the witnesses, this will include other attorneys involved in the Benicar MDL, most notably the Executive Committee and the other members of the Common Benefit Committee who were involved in and intimately familiar with the matters at issue, as demonstrated in part by the contents of the Orders cited above. All of those attorneys committed to and participated in the proceedings in the Federal District Court in Camden.  The plaintiff, who resides in the state of New York, committed himself to proceeding to trial within the Camden vicinage if his Benicar case did not resolve, thus he can have no reasonable preference for another vicinage. In fact, if plaintiff were to prevail, his case (and the cases of the putative class members) would likely need to be reopened and the fees and expenses would need to be reassessed before Judge Kugler. Defendants, currently representing themselves, have a preference for Camden, recognizing that to

be the gravity center for this case.  Plaintiff's counsel's assumed preference for Newark, since their office is located in Roseland, New Jersey is of the least significance by far.

35.    Finally, the residence of the Defendants in the Newark vicinage is merely formulaic, whereas the cause of action centered upon activity occurring in the Federal District Court in Camden. Thus, the residence of the Defendants should be accorded little weight in the calculus here.[2]

**WHEREFORE**, for the reasons set forth herein, Defendants respectfully submit that: (1) CAFA applies to this action because the proposed class contains at least 100 members, (2) at least one member of the proposed class is a citizen of a state different than Defendants' state of citizenship, (3) the aggregate amount in controversy exceeds $5 million, and (4) the procedural requirements of 28 U.S.C. § 1446 are met. For these reasons, the Complaint is properly removed to this Court.  Additionally, it is respectfully submitted that this matter should be assigned to the Camden vicinage and more specifically to the Hon. Robert B. Kugler due to his unparalleled familiarity with the facts.  Judge Kugler presided over the Benicar MDL, including jurisdiction over the attorneys' fees and expenses earned by and awarded to plaintiffs' counsel, and is thus the Judge best situated to preside over this case.

Respectfully,

/s/  Adam M. Slater_____ _____
Adam M. Slater
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898

Dated: November 17, 2021

---

[2]    If this case had been filed originally in Newark or Trenton, the arguments herein would have been made in support of a request for the Chief Judge to transfer the case to Camden, and Judge Kugler, which it is respectfully submitted would be rightfully granted.  Local Civil Rule 40.1(d), (e).

## CERTIFICATE OF SERVICE

I, Adam M. Slater, hereby certify that I have this seventeenth of November, 2021 caused a true and correct copy of this Notice of Filing of Notice of Removal by defendants David Mazie, Adam Slater, and Mazie, Slater, Katz & Freeman to be served on the following via electronic mail and first-class mail, postage prepaid:

Bruce Nagel
Nagel Rice, LLP
103 Eisenhower Parkway, Suite 103
Roseland, New Jersey 07068
(973) 618-0400
Attorneys for Plaintiffs

Dated: November 17, 2021                  Respectfully,

/s/  Adam M. Slater
Adam M. Slater
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898