Exhibit A

Bruce H. Nagel, Esq. — ID# 025931977
NAGEL RICE, LLP
103 Eisenhower Parkway, Suite 103
Roseland, New Jersey 07068
(973) 618-0400
Attorneys for Plaintiffs

| | |
|---|---|
| ANTHONY MARTINO, On Behalf of Himself and All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID MAZIE, ESQ., ADAM SLATER, ESQ. AND MAZIE SLATER KATZ & FREEMAN LLC (hereinafter "Mazie Slater")<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY LAW DIVISION- ESSEX COUNTY DOCKET NO.<br><br>Civil Action<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff, by his attorneys, Nagel Rice LLP, on behalf of himself and all others similarly situated, make the following allegations on personal knowledge and information and belief:

## I.   INTRODUCTION

1.   Plaintiff brings this action for actual damages, equitable relief, including restitution, injunctive relief, and disgorgement of profits, and all other relief available on behalf of themselves and all similarly situated individuals who have retained the Defendants and been overcharged for legal fees and costs in violation of applicable Court Rules and Rules of Professional Conduct.

## II.   PARTIES

2.   Plaintiff is an individual residing in Brooklyn, New York.

3.   Defendant David Mazie is an Attorney and Partner in Mazie, Slater, Katz & Freeman, LLC ("Mazie Slater"), with offices in Roseland, New Jersey.

4.   Defendant Adam Slater is an Attorney and Partner in Mazie, Slater, with offices in Roseland, New Jersey.

### JURISDICTION AND VENUE

5.   This Court has personal jurisdiction over the Defendants because the individual defendants live in New Jersey and both defendants are principals of and work at Mazie Slater in Roseland, New Jersey. Venue is appropriate in this vicinage because Mazie Slater is located in the County of Essex.

### FACTUAL BACKGROUND

6.   Product liability lawsuits relating to the blood pressure medication Benicar were consolidated into a multidistrict litigation in federal court in New Jersey under MDL 2606 entitled In Re Benicar (Olmesartan) Products Liability Litigation.

7.   The litigation settled on August 1, 2017 when Daiichi Sankyo agreed to pay up to $300 million to settle 2,300 cases in the United States.  This amount was later increased.

8.   Adam Slater, of Mazie Slater was part of the leadership in the litigation being designated as co-lead counsel and also a member of the Plaintiffs' Executive Committee in this case.

9.   Additionally, Adam Slater was a member of the leadership committee that handled the litigation and was a member of the fee split committee that determined the allocation of the fees and costs paid to the leadership firms.  In that role, Slater voted his firm millions in fees and costs for work that had been performed for his individual clients.

10.  On information and belief, Slater never disclosed to his clients that his firm had, or would receive substantial fees and costs for the same, or substantially same, work that he had performed for each client and for which he received a full fee under the individual retainer agreements.

<u>CLASS ACTION ALLEGATIONS</u>

11.  Plaintiff brings this action on behalf of himself and all other persons similarly situated, pursuant to N.J. Court Rule 4:32-1(b)(3) and 4:32-1(b)(2). The class is defined as all individuals who retained Mazie Slater to handle their Benicar claims.

12.  The class is at least 200 members and is so numerous that joinder of all members is impractical.

13.   There are questions of fact and law common to the members of the class, which predominate over any questions that affect only individual members. The predominant questions include:

(a)   Whether defendants were paid attorney's fees from settlements for Plaintiff and the class members which violated New Jersey law;

(b)   Whether defendants were over-paid for expenses of the litigation at the expense of their clients;

(c)   Whether by the misconduct set forth above, defendants committed legal malpractice;

(d)   Whether by the misconduct set forth above Defendants were unjustly enriched;

(e)   Whether by the misconduct set forth above, Defendants engaged in conversion;

14.   Plaintiff's claims are typical of the claims and defenses of all class members and are based on the same facts and legal theories.

15.   Questions of law and fact common to the members of the class predominate over any individual questions.

16.   Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in class action litigation.

17.   A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## CLAIMS FOR RELIEF

### FIRST COUNT

18.   Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

19.   Plaintiff and over 200 other class members engaged the firm Mazie Slater to handle claims involving the use of a drug known as Benicar.

20.   Pursuant to the engagement defendants were bound by the fee provisions of the New Jersey Court Rules, including Rule 1:21-7(i), made applicable to litigation in the Federal Courts through Civil Local Rule 101.1, Civil Local Rule 103.1(a) and RPC 1.5.

21.   After the case was settled through a global settlement, defendants were obligated to seek approval of any fees charged in excess of $3 million under the applicable court rules. Defendants intentionally failed to seek court approval and instead charged the maximum amount to each class member in total disregard for the requirement of the court rules.

22.   On information and belief, Slater never disclosed to his clients that his firm had, or would receive substantial fees and costs for the same, or substantially same, work that he had

performed for each client and for which he received a full fee under the individual retainer agreements.

23.     These actions constitute a breach of the applicable standard of care as an attorney and negligence and have proximately caused Plaintiff and the class members' injuries in the form of the overpayment of attorneys' fees and expenses.

24.     Plaintiffs and the class members have been damaged as a result of Defendants' legal malpractice.

25.     By virtue of the foregoing, defendants have committed legal malpractice and have damaged Plaintiff and the class members.

WHEREFORE, plaintiff and the class members demands judgment in his favor against Defendants as follows:

A.      Certifying the class or subclasses;

B.      For compensatory and punitive damages;

C.      Interest cost of suit; and

D.      For such further relief as this court may deem just and equitable.

## SECOND COUNT

26.     Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

27.     Defendants failed to honor the New Jersey Court Rules and took fees and costs without court approval. They further recovered millions in fees and costs in their leadership role for which no credit was given to their individual clients.

28. Defendants improperly exercised dominion and control over funds that Plaintiffs are legally entitled to, constituting acts of conversion.

29. Defendants wrongfully received fees and costs, and have wrongfully converted those fees and costs.

WHEREFORE, plaintiff and the class members demands judgment in his favor against Defendants as follows:

A. Certifying the class or subclasses;

B. For compensatory and punitive damages;

C. Interest cost of suit; and

D. For such further relief as this court may deem just and equitable.

<u>THIRD COUNT</u>

30. Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

31. By and through Defendants' failure to credit the plaintiff and class members with reimbursement of expenses that Defendants received from the Benicar settlement as part of their leadership position, Mazie Slater has retained a benefit to which it is not entitled.

32. Defendants have been unjustly enriched at Plaintiff and the class members' expense.

WHEREFORE, plaintiff and the class members demands judgment in his favor against Defendants as follows:

7

A.    Certifying the class or subclasses;

B.    For compensatory and punitive damages;

C.    Interest cost of suit; and

D.    For such further relief as this court may deem just and equitable.


                                    NAGEL RICE, LLP
                                    Attorneys for Plaintiffs
Dated: November 10, 2021       By: *Bruce H. Nagel*
                                    BRUCE H. NAGEL


## JURY TRIAL DEMAND

Plaintiff demands a jury trial for all claims so triable.

## TRIAL COUNSEL DESIGNATION

Pursuant to R. 4:25-4, Bruce H. Nagel, Esq. is hereby designated as trial counsel on behalf of plaintiffs.

## REQUEST TO PRESERVE ELECTRONICALLY STORED INFORMATION

Please take notice that Plaintiffs during the course of this lawsuit will request from the Defendant the discovery of electronically stored information (ESI). ESI may be present on home and business computers, cell phones, hard drives, floppy discs, DVDs and CDs, flash memory, voice mail systems, e-mail programs, PDAs, tablets, web pages, server backup tapes, etc. Defendant should not destroy any such materials which may be relevant to this case. Defendant should take steps to preserve all

information related in any way to Plaintiffs and/or this lawsuit. Storage and retention policies for all systems should be reviewed, and any automatic purges, deletions or write-overs must be stopped until this litigation is concluded. Failure to ensure that all currently existing ESI is maintained and protected may subject the Defendant to sanctions and adverse inferences for spoliation of evidence. Counsel for the respective parties can discuss how ESI will be exchanged.

### RULE 4:5-1 CERTIFICATION

I hereby certify that to the best of my knowledge, the matter in controversy is not the subject of another action pending in any Court or of a pending arbitration proceeding and that no other parties are necessary to join at this time.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

NAGEL RICE, LLP
Attorneys for Plaintiffs

Dated: November 10, 2021          By: *Bruce H. Nagel*
                                  BRUCE H. NAGEL

## CERTIFICATION OF COMPLIANCE WITH RULE 1-38-7(c)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

NAGEL RICE, LLP
Attorneys for Plaintiffs

Dated: November 10, 2021          By: _Bruce H. Nagel_____

BRUCE H. NAGEL

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-008473-21

**Case Caption:** MARTINO ANTHONY  VS MAZIE, ESQ. DAVID

**Case Initiation Date:** 11/10/2021

**Attorney Name:** BRUCE H NAGEL

**Firm Name:** NAGEL RICE LLP

**Address:** 103 EISENHOWER PKWY

ROSELAND NJ 07068

**Phone:** 9736180400

**Name of Party:** PLAINTIFF : Martino, Anthony

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** YES

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Anthony Martino?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain)   attorney/client

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

  **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/10/2021

Dated

/s/ BRUCE H NAGEL

Signed

Bruce H. Nagel, Esq. – ID# 025931977
NAGEL RICE, LLP
103 Eisenhower Parkway, Suite 103
Roseland, New Jersey 07068
(973) 618-0400
Attorneys for Plaintiffs

| | |
|---|---|
| ANTHONY MARTINO, On Behalf of Himself and All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID MAZIE, ESQ., ADAM SLATER, ESQ. AND MAZIE SLATER KATZ & FREEMAN LLC (hereinafter "Mazie Slater")<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY LAW DIVISION- ESSEX COUNTY DOCKET NO.: ESX-L-8473-21<br><br>Civil Action<br><br><br>SUMMONS |

From the State of New Jersey
   To The Defendant(s) Named Above:        **ADAM SLATER, ESQ.**

   The Plaintiff named above, has filed a Complaint against you in the Superior Court of New Jersey.  The Complaint attached to this summons states the basis for this lawsuit.  If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above.

   A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee) if you want the court to hear your defense.

   If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

   If you cannot afford an attorney, you may call the Legal Services office in the county where you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

Dated:  November 11, 2021

                                                                s/ *Michelle Smith*
                                                                MICHELLE SMITH
                                                                Clerk of the Superior Court

Name of Defendant to be Served:        **ADAM SLATER, ESQ.**
Address of Defendant to be Served:     **Mazie Slater Katz & Freeman, LLC**
                                                            **103 Eisenhower Parkway, 2nd floor**
                                                            **Roseland, NJ  07068**

## DEPUTY CLERKS OF THE SUPERIOR COURT

ATLANTIC COUNTY:
Lori Mooney, Clerk
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
*LAWYER REFERRAL:* (609) 345-3444
*LEGAL SERVICES:* (609) 348-4200

BERGEN COUNTY:
Kathleen A. Donovan, Clerk
119 Justice Center
10 Main Street
Hackensack, NJ 07601-7968
*LAWYER REFERRAL:* (201) 488-0044
*LEGAL SERVICES:* (201) 487-2166

BURLINGTON COUNTY:
Edward A. Kelly, Jr., Clerk
First Fl., Courts Facility
49 Rancocas Road
Mt. Holley, NJ 08060
*LAWYER REFERRAL:* (609) 261-4862
*LEGAL SERVICES:* (609) 261-1088

CAMDEN COUNTY:
Michael S. Keating, Clerk
First Fl., Hall of Records
501 Fifth Street
Camden, NJ 08103
*LAWYER REFERRAL:* (609) 364-4520
*LEGAL SERVICES:* (609) 364-2010

CAPE MAY COUNTY:
Angela F. Pulvino, Clerk (Law Division Filings)
Box DN-209
Cape May Courthouse, NJ 08210
or
(General Equity Filings)
Box DN-209A
Cape May Courthouse, NJ 08210
*LAWYER REFERRAL:* (609) 463-0313
*LEGAL SERVICES:* (609) 465-3001

CUMBERLAND COUNTY:
John G. Nardelli, Clerk
Courthouse, Direct Filing
Broad & Fayette Streets
Bridgeton, NJ 08302
*LAWYER REFERRAL:* (609) 452-5291
*LEGAL SERVICES:* (609) 451-0003/935-8024

MORRIS COUNTY:
Alfonse W. Scerbo, Clerk
CN-900, 30 Schuyler Place
Morristown, NJ 07960
*LAWYER REFERRAL:* (201) 267-5882
*LEGAL SERVICES:* (201) 285-6911

OCEAN COUNTY:
M. Dean Haines, Clerk
119 Court House, CN-2191
Toms River, NJ 08754
*LAWYER REFERRAL:* (908) 240-3666
*LEGAL SERVICES:* (908) 371-2727

PASSAIC COUNTY:
William L. Kattak, Clerk
Court House
77 Hamilton Street
Paterson, NJ 07505
*LAWYER REFERRAL:* (973) 278-9223
*LEGAL SERVICES:* (973) 345-7171

SALEM COUNTY:
John W. Cawman, Clerk
92 Market Street, P.O. Box 18
Salem, NJ 08079
*LAWYER REFERRAL:* (609) 678-8363
*LEGAL SERVICES:* (609) 451-0003

MIDDLESEX COUNTY:
Herbert P. Lashomb, Clerk
Court House, East Wing
Lobby Floor/P.O. Box 2633
One Kennedy Square
New Brunswick, NJ 08903-2633
*LAWYER REFERRAL:* (908) 828-0053
*LEGAL SERVICES:* (908) 249-7600

MONMOUTH COUNTY:
Jane Clayton, Clerk
P.O. Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
*LAWYER REFERRAL:* (908) 431-5544
*LEGAL SERVICES:* (908) 747-7400

GLOUCESTER COUNTY:
Joseph H. Hoffman, Clerk
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
*LAWYER REFERRAL:* (609) 848-4589
*LEGAL SERVICES:* (609) 848-5360

HUDSON COUNTY:
Frank E. Rodgers, Clerk
Superior Court, Civil Records Dept.
Brennan Court House
583 Newark Avenue
Jersey City, NJ 07306
*LAWYER REFERRAL:* (201) 798-2727
*LEGAL SERVICES:* (201) 792-6363

HUNTERDON COUNTY:
Dorothy K. Tirpok, Clerk
Hall of Records
71 Main Street
Flemington, NJ 08822
*LAWYER REFERRAL:* (609) 788-6112
*LEGAL SERVICES:* (609) 782-7979

MERCER COUNTY:
Albert E. Driver, Jr., Clerk
P.O. Box 8068
209 South Broad Street
Trenton, NJ 08650
*LAWYER REFERRAL:* (609) 890-6200
*LEGAL SERVICES:* (609) 695-6249

SUSSEX COUNTY:
Helen C. Ackerman, Clerk
Superior Court, Law Division
49 High Street
Newton, NJ 07860
*LAWYER REFERRAL:* (201) 267-5882
*LEGAL SERVICES:* (201) 383-7400

UNION COUNTY:
Walter G. Halpin, Clerk
First Floor, Court House
Elizabeth, NJ 07207
*LAWYER REFERRAL:* (908) 353-4715
*LEGAL SERVICES:* (908) 354-4340

WARREN COUNTY:
Terrance D. Lee, Clerk
Court House
Belvidere, NJ 07823
*LAWYER REFERRAL:* (201) 267-5882
*LEGAL SERVICES:* (201) 475-2010

```
ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK            NJ 07102
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM


             DATE:  NOVEMBER 10, 2021
             RE:    MARTINO ANTHONY  VS MAZIE, ESQ. DAVID
             DOCKET: ESX L -008473 21


    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

    DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE MANAGING JUDGE ASSIGNED IS:  HON KEITH E. LYNOTT

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (973) 776-9300 EXT 56908.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
             ATTENTION:
                         ATT: BRUCE H. NAGEL
                         NAGEL RICE LLP

                         103 EISENHOWER PKWY
                         ROSELAND        NJ 07068


ECOURTS
```

Bruce H. Nagel, Esq. – ID# 025931977
NAGEL RICE, LLP
103 Eisenhower Parkway, Suite 103
Roseland, New Jersey 07068
(973) 618-0400
Attorneys for Plaintiffs

| | |
|---|---|
| ANTHONY MARTINO, On Behalf of Himself and All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID MAZIE, ESQ., ADAM SLATER, ESQ. AND MAZIE SLATER KATZ & FREEMAN LLC (hereinafter "Mazie Slater")<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY LAW DIVISION- ESSEX COUNTY DOCKET NO.<br><br>Civil Action<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff, by his attorneys, Nagel Rice LLP, on behalf of himself and all others similarly situated, make the following allegations on personal knowledge and information and belief:

## I.    INTRODUCTION

1. Plaintiff brings this action for actual damages, equitable relief, including restitution, injunctive relief, and disgorgement of profits, and all other relief available on behalf of themselves and all similarly situated individuals who have retained the Defendants and been overcharged for legal fees and costs in violation of applicable Court Rules and Rules of Professional Conduct.

## II.  **PARTIES**

2.  Plaintiff is an individual residing in Brooklyn, New York.

3.  Defendant David Mazie is an Attorney and Partner in Mazie, Slater, Katz & Freeman, LLC ("Mazie Slater"), with offices in Roseland, New Jersey.

4.  Defendant Adam Slater is an Attorney and Partner in Mazie, Slater, with offices in Roseland, New Jersey.

### JURISDICTION AND VENUE

5.  This Court has personal jurisdiction over the Defendants because the individual defendants live in New Jersey and both defendants are principals of and work at Mazie Slater in Roseland, New Jersey. Venue is appropriate in this vicinage because Mazie Slater is located in the County of Essex.

### FACTUAL BACKGROUND

6.  Product liability lawsuits relating to the blood pressure medication Benicar were consolidated into a multidistrict litigation in federal court in New Jersey under MDL 2606 entitled In Re Benicar (Olmesartan) Products Liability Litigation.

7.  The litigation settled on August 1, 2017 when Daiichi Sankyo agreed to pay up to $300 million to settle 2,300 cases in the United States.  This amount was later increased.

8.  Adam Slater, of Mazie Slater was part of the leadership in the litigation being designated as co-lead counsel and also a member of the Plaintiffs' Executive Committee in this case.

9.  Additionally, Adam Slater was a member of the leadership committee that handled the litigation and was a member of the fee split committee that determined the allocation of the fees and costs paid to the leadership firms. In that role, Slater voted his firm millions in fees and costs for work that had been performed for his individual clients.

10. On information and belief, Slater never disclosed to his clients that his firm had, or would receive substantial fees and costs for the same, or substantially same, work that he had performed for each client and for which he received a full fee under the individual retainer agreements.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action on behalf of himself and all other persons similarly situated, pursuant to N.J. Court Rule 4:32-1(b)(3) and 4:32-1(b)(2). The class is defined as all individuals who retained Mazie Slater to handle their Benicar claims.

12. The class is at least 200 members and is so numerous that joinder of all members is impractical.

13.    There are questions of fact and law common to the members of the class, which predominate over any questions that affect only individual members. The predominant questions include:

(a)    Whether defendants were paid attorney's fees from settlements for Plaintiff and the class members which violated New Jersey law;

(b)    Whether defendants were over-paid for expenses of the litigation at the expense of their clients;

(c)    Whether by the misconduct set forth above, defendants committed legal malpractice;

(d)    Whether by the misconduct set forth above Defendants were unjustly enriched;

(e)    Whether by the misconduct set forth above, Defendants engaged in conversion;

14.    Plaintiff's claims are typical of the claims and defenses of all class members and are based on the same facts and legal theories.

15.    Questions of law and fact common to the members of the class predominate over any individual questions.

16.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in class action litigation.

17.   A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

### CLAIMS FOR RELIEF

### FIRST COUNT

18.   Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

19.   Plaintiff and over 200 other class members engaged the firm Mazie Slater to handle claims involving the use of a drug known as Benicar.

20.   Pursuant to the engagement defendants were bound by the fee provisions of the New Jersey Court Rules, including Rule 1:21-7(i), made applicable to litigation in the Federal Courts through Civil Local Rule 101.1, Civil Local Rule 103.1(a) and RPC 1.5.

21.   After the case was settled through a global settlement, defendants were obligated to seek approval of any fees charged in excess of $3 million under the applicable court rules. Defendants intentionally failed to seek court approval and instead charged the maximum amount to each class member in total disregard for the requirement of the court rules.

22.   On information and belief, Slater never disclosed to his clients that his firm had, or would receive substantial fees and costs for the same, or substantially same, work that he had

performed for each client and for which he received a full fee under the individual retainer agreements.

23. These actions constitute a breach of the applicable standard of care as an attorney and negligence and have proximately caused Plaintiff and the class members' injuries in the form of the overpayment of attorneys' fees and expenses.

24. Plaintiffs and the class members have been damaged as a result of Defendants' legal malpractice.

25. By virtue of the foregoing, defendants have committed legal malpractice and have damaged Plaintiff and the class members.

WHEREFORE, plaintiff and the class members demands judgment in his favor against Defendants as follows:

A. Certifying the class or subclasses;

B. For compensatory and punitive damages;

C. Interest cost of suit; and

D. For such further relief as this court may deem just and equitable.

## SECOND COUNT

26. Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

27. Defendants failed to honor the New Jersey Court Rules and took fees and costs without court approval. They further recovered millions in fees and costs in their leadership role for which no credit was given to their individual clients.

28.  Defendants improperly exercised dominion and control over funds that Plaintiffs are legally entitled to, constituting acts of conversion.

29.  Defendants wrongfully received fees and costs, and have wrongfully converted those fees and costs.

WHEREFORE, plaintiff and the class members demands judgment in his favor against Defendants as follows:

A.  Certifying the class or subclasses;

B.  For compensatory and punitive damages;

C.  Interest cost of suit; and

D.  For such further relief as this court may deem just and equitable.

## THIRD COUNT

30.  Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

31.  By and through Defendants' failure to credit the plaintiff and class members with reimbursement of expenses that Defendants received from the Benicar settlement as part of their leadership position, Mazie Slater has retained a benefit to which it is not entitled.

32.  Defendants have been unjustly enriched at Plaintiff and the class members' expense.

WHEREFORE, plaintiff and the class members demands judgment in his favor against Defendants as follows:

A.   Certifying the class or subclasses;

B.   For compensatory and punitive damages;

C.   Interest cost of suit; and

D.   For such further relief as this court may deem just and equitable.

NAGEL RICE, LLP
Attorneys for Plaintiffs

Dated: November 10, 2021          By: *Bruce H. Nagel*
BRUCE H. NAGEL

### JURY TRIAL DEMAND

Plaintiff demands a jury trial for all claims so triable.

### TRIAL COUNSEL DESIGNATION

Pursuant to R. 4:25-4, Bruce H. Nagel, Esq. is hereby designated as trial counsel on behalf of plaintiffs.

### REQUEST TO PRESERVE ELECTRONICALLY STORED INFORMATION

Please take notice that Plaintiffs during the course of this lawsuit will request from the Defendant the discovery of electronically stored information (ESI). ESI may be present on home and business computers, cell phones, hard drives, floppy discs, DVDs and CDs, flash memory, voice mail systems, e-mail programs, PDAs, tablets, web pages, server backup tapes, etc. Defendant should not destroy any such materials which may be relevant to this case. Defendant should take steps to preserve all

information related in any way to Plaintiffs and/or this lawsuit. Storage and retention policies for all systems should be reviewed, and any automatic purges, deletions or write-overs must be stopped until this litigation is concluded. Failure to ensure that all currently existing ESI is maintained and protected may subject the Defendant to sanctions and adverse inferences for spoliation of evidence. Counsel for the respective parties can discuss how ESI will be exchanged.

### RULE 4:5-1 CERTIFICATION

I hereby certify that to the best of my knowledge, the matter in controversy is not the subject of another action pending in any Court or of a pending arbitration proceeding and that no other parties are necessary to join at this time.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

                                    NAGEL RICE, LLP
                                    Attorneys for Plaintiffs
Dated: November 10, 2021      By: *Bruce H. Nagel*
                                    BRUCE H. NAGEL

9

## CERTIFICATION OF COMPLIANCE WITH RULE 1-38-7(c)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

                                        NAGEL RICE, LLP
                                        Attorneys for Plaintiffs
Dated: November 10, 2021        By: *Bruce H. Nagel*
                                        BRUCE H. NAGEL

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-008473-21

**Case Caption:** MARTINO ANTHONY  VS MAZIE, ESQ. DAVID

**Case Initiation Date:** 11/10/2021

**Attorney Name:** BRUCE H NAGEL

**Firm Name:** NAGEL RICE LLP

**Address:** 103 EISENHOWER PKWY

ROSELAND NJ 07068

**Phone:** 9736180400

**Name of Party:** PLAINTIFF : Martino, Anthony

**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** YES

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by:** Anthony Martino? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain)   attorney/client

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>11/10/2021</u>
Dated

<u>/s/ BRUCE H NAGEL</u>
Signed

Bruce H. Nagel, Esq. – ID# 025931977
NAGEL RICE, LLP
103 Eisenhower Parkway, Suite 103
Roseland, New Jersey 07068
(973) 618-0400
Attorneys for Plaintiffs

| | |
|---|---|
| ANTHONY MARTINO, On Behalf of Himself and All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID MAZIE, ESQ., ADAM SLATER, ESQ. AND MAZIE SLATER KATZ & FREEMAN LLC (hereinafter "Mazie Slater")<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY LAW DIVISION- ESSEX COUNTY DOCKET NO.: ESX-L-8473-21<br><br>Civil Action<br><br>SUMMONS |

From the State of New Jersey
    To The Defendant(s) Named Above:        **DAVID A. MAZIE, ESQ.**

        The Plaintiff named above, has filed a Complaint against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above.

        A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee) if you want the court to hear your defense.

        If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

        If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: November 11, 2021                    s/ *Michelle Smith*
                                MICHELLE SMITH
                                Clerk of the Superior Court

Name of Defendant to be Served:        **DAVID A. MAZIE**
Address of Defendant to be Served:     **Mazie Slater Katz & Freeman, LLC**
                                **103 Eisenhower Parkway, 2nd floor**
                                **Roseland, NJ  07068**

## DEPUTY CLERKS OF THE SUPERIOR COURT

ATLANTIC COUNTY:
Lori Mooney, Clerk
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
*LAWYER REFERRAL:* (609) 345-3444
*LEGAL SERVICES:* (609) 348-4200

BERGEN COUNTY:
Kathleen A. Donovan, Clerk
119 Justice Center
10 Main Street
Hackensack, NJ 07601-7968
*LAWYER REFERRAL:* (201) 488-0044
*LEGAL SERVICES:* (201) 487-2166

BURLINGTON COUNTY:
Edward A. Kelly, Jr., Clerk
First Fl., Courts Facility
49 Rancocas Road
Mt. Holley, NJ 08060
*LAWYER REFERRAL:* (609) 261-4862
*LEGAL SERVICES:* (609) 261-1088

CAMDEN COUNTY:
Michael S. Keating, Clerk
First Fl., Hall of Records
501 Fifth Street
Camden, NJ 08103
*LAWYER REFERRAL:* (609) 364-4520
*LEGAL SERVICES:* (609) 364-2010

CAPE MAY COUNTY:
Angela F. Pulvino, Clerk (Law Division Filings)
Box DN-209
Cape May Courthouse, NJ 08210
or
(General Equity Filings)
Box DN-209A
Cape May Courthouse, NJ 08210
*LAWYER REFERRAL:* (609) 463-0313
*LEGAL SERVICES:* (609) 465-3001

CUMBERLAND COUNTY:
John G. Nardelli, Clerk
Courthouse, Direct Filing
Broad & Fayette Streets
Bridgeton, NJ 08302
*LAWYER REFERRAL:* (609) 452-5291
*LEGAL SERVICES:* (609) 451-0003/935-8024

MORRIS COUNTY:
Alfonse W. Scerbo, Clerk
CN-900, 30 Schuyler Place
Morristown, NJ 07960
*LAWYER REFERRAL:* (201) 267-5882
*LEGAL SERVICES:* (201) 285-6911

OCEAN COUNTY:
M. Dean Haines, Clerk
119 Court House, CN-2191
Toms River, NJ 08754
*LAWYER REFERRAL:* (908) 240-3666
*LEGAL SERVICES:* (908) 371-2727

PASSAIC COUNTY:
William L. Kattak, Clerk
Court House
77 Hamilton Street
Paterson, NJ 07505
*LAWYER REFERRAL:* (973) 278-9223
*LEGAL SERVICES:* (973) 345-7171

SALEM COUNTY:
John W. Cawman, Clerk
92 Market Street, P.O. Box 18
Salem, NJ 08079
*LAWYER REFERRAL:* (609) 678-8363
*LEGAL SERVICES:* (609) 451-0003

MIDDLESEX COUNTY:
Herbert P. Lashomb, Clerk
Court House, East Wing
Lobby Floor/P.O. Box 2633
One Kennedy Square
New Brunswick, NJ 08903-2633
*LAWYER REFERRAL:* (908) 828-0053
*LEGAL SERVICES:* (908) 249-7600

MONMOUTH COUNTY:
Jane Clayton, Clerk
P.O. Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
*LAWYER REFERRAL:* (908) 431-5544
*LEGAL SERVICES:* (908) 747-7400

GLOUCESTER COUNTY:
Joseph H. Hoffman, Clerk
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ  08096
*LAWYER REFERRAL:*  (609) 848-4589
*LEGAL SERVICES:*  (609) 848-5360

HUDSON COUNTY:
Frank E. Rodgers, Clerk
Superior Court, Civil Records Dept.
Brennan Court House
583 Newark Avenue
Jersey City, NJ  07306
*LAWYER REFERRAL:*  (201) 798-2727
*LEGAL SERVICES:* (201) 792-6363

HUNTERDON COUNTY:
Dorothy K. Tirpok, Clerk
Hall of Records
71 Main Street
Flemington, NJ  08822
*LAWYER REFERRAL:*  (609) 788-6112
*LEGAL SERVICES:*  (609) 782-7979

MERCER COUNTY:
Albert E. Driver, Jr., Clerk
P.O. Box 8068
209 South Broad Street
Trenton, NJ 08650
*LAWYER REFERRAL:* (609) 890-6200
*LEGAL SERVICES:* (609) 695-6249

SUSSEX COUNTY:
Helen C. Ackerman, Clerk
Superior Court, Law Division
49 High Street
Newton, NJ  07860
*LAWYER REFERRAL:* (*201) 267-5882
*LEGAL SERVICES:*  (201) 383-7400

UNION COUNTY:
Walter G. Halpin, Clerk
First Floor, Court House
Elizabeth, NJ 07207
*LAWYER REFERRAL:*  (908) 353-4715
*LEGAL SERVICES:*  (908) 354-4340

WARREN COUNTY:
Terrance D. Lee, Clerk
Court House
Belvidere, NJ  07823
*LAWYER REFERRAL:*  (201) 267-5882
*LEGAL SERVICES:*  (201) 475-2010

```
ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK           NJ 07102
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM


                        DATE:  NOVEMBER 10, 2021
                        RE:    MARTINO ANTHONY  VS MAZIE, ESQ. DAVID
                        DOCKET: ESX L -008473 21


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

     DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE MANAGING JUDGE ASSIGNED IS:  HON KEITH E. LYNOTT


     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (973) 776-9300 EXT 56908.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                    ATT: BRUCE H. NAGEL
                                    NAGEL RICE LLP

                                    103 EISENHOWER PKWY
                                    ROSELAND          NJ 07068


ECOURTS
```

Bruce H. Nagel, Esq. – ID# 025931977
NAGEL RICE, LLP
103 Eisenhower Parkway, Suite 103
Roseland, New Jersey 07068
(973) 618-0400
Attorneys for Plaintiffs

| | |
|---|---|
| ANTHONY MARTINO, On Behalf of Himself and All Other Persons Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DAVID MAZIE, ESQ., ADAM SLATER, ESQ. AND MAZIE SLATER KATZ & FREEMAN LLC (hereinafter "Mazie Slater")<br><br>    Defendants | SUPERIOR COURT OF NEW JERSEY LAW DIVISION- ESSEX COUNTY DOCKET NO.<br><br>      Civil Action<br><br><br>COMPLAINT AND JURY DEMAND |

Plaintiff, by his attorneys, Nagel Rice LLP, on behalf of himself and all others similarly situated, make the following allegations on personal knowledge and information and belief:

## I. INTRODUCTION

1. Plaintiff brings this action for actual damages, equitable relief, including restitution, injunctive relief, and disgorgement of profits, and all other relief available on behalf of themselves and all similarly situated individuals who have retained the Defendants and been overcharged for legal fees and costs in violation of applicable Court Rules and Rules of Professional Conduct.

## II.   PARTIES

2.   Plaintiff is an individual residing in Brooklyn, New York.

3.   Defendant David Mazie is an Attorney and Partner in Mazie, Slater, Katz & Freeman, LLC ("Mazie Slater"), with offices in Roseland, New Jersey.

4.   Defendant Adam Slater is an Attorney and Partner in Mazie, Slater, with offices in Roseland, New Jersey.

### JURISDICTION AND VENUE

5.   This Court has personal jurisdiction over the Defendants because the individual defendants live in New Jersey and both defendants are principals of and work at Mazie Slater in Roseland, New Jersey. Venue is appropriate in this vicinage because Mazie Slater is located in the County of Essex.

### FACTUAL BACKGROUND

6.   Product liability lawsuits relating to the blood pressure medication Benicar were consolidated into a multidistrict litigation in federal court in New Jersey under MDL 2606 entitled In Re Benicar (Olmesartan) Products Liability Litigation.

7.   The litigation settled on August 1, 2017 when Daiichi Sankyo agreed to pay up to $300 million to settle 2,300 cases in the United States.  This amount was later increased.

2

8. Adam Slater, of Mazie Slater was part of the leadership in the litigation being designated as co-lead counsel and also a member of the Plaintiffs' Executive Committee in this case.

9. Additionally, Adam Slater was a member of the leadership committee that handled the litigation and was a member of the fee split committee that determined the allocation of the fees and costs paid to the leadership firms. In that role, Slater voted his firm millions in fees and costs for work that had been performed for his individual clients.

10. On information and belief, Slater never disclosed to his clients that his firm had, or would receive substantial fees and costs for the same, or substantially same, work that he had performed for each client and for which he received a full fee under the individual retainer agreements.

CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action on behalf of himself and all other persons similarly situated, pursuant to N.J. Court Rule 4:32-1(b)(3) and 4:32-1(b)(2). The class is defined as all individuals who retained Mazie Slater to handle their Benicar claims.

12. The class is at least 200 members and is so numerous that joinder of all members is impractical.

13.   There are questions of fact and law common to the members of the class, which predominate over any questions that affect only individual members. The predominant questions include:

(a)   Whether defendants were paid attorney's fees from settlements for Plaintiff and the class members which violated New Jersey law;

(b)   Whether defendants were over-paid for expenses of the litigation at the expense of their clients;

(c)   Whether by the misconduct set forth above, defendants committed legal malpractice;

(d)   Whether by the misconduct set forth above Defendants were unjustly enriched;

(e)   Whether by the misconduct set forth above, Defendants engaged in conversion;

14.   Plaintiff's claims are typical of the claims and defenses of all class members and are based on the same facts and legal theories.

15.   Questions of law and fact common to the members of the class predominate over any individual questions.

16.   Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in class action litigation.

17.  A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

### CLAIMS FOR RELIEF

### FIRST COUNT

18.  Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

19.  Plaintiff and over 200 other class members engaged the firm Mazie Slater to handle claims involving the use of a drug known as Benicar.

20.  Pursuant to the engagement defendants were bound by the fee provisions of the New Jersey Court Rules, including Rule 1:21-7(i), made applicable to litigation in the Federal Courts through Civil Local Rule 101.1, Civil Local Rule 103.1(a) and RPC 1.5.

21.  After the case was settled through a global settlement, defendants were obligated to seek approval of any fees charged in excess of $3 million under the applicable court rules. Defendants intentionally failed to seek court approval and instead charged the maximum amount to each class member in total disregard for the requirement of the court rules.

22.  On information and belief, Slater never disclosed to his clients that his firm had, or would receive substantial fees and costs for the same, or substantially same, work that he had

performed for each client and for which he received a full fee under the individual retainer agreements.

23. These actions constitute a breach of the applicable standard of care as an attorney and negligence and have proximately caused Plaintiff and the class members' injuries in the form of the overpayment of attorneys' fees and expenses.

24. Plaintiffs and the class members have been damaged as a result of Defendants' legal malpractice.

25. By virtue of the foregoing, defendants have committed legal malpractice and have damaged Plaintiff and the class members.

WHEREFORE, plaintiff and the class members demands judgment in his favor against Defendants as follows:

A.    Certifying the class or subclasses;

B.    For compensatory and punitive damages;

C.    Interest cost of suit; and

D.    For such further relief as this court may deem just and equitable.

## SECOND COUNT

26. Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

27. Defendants failed to honor the New Jersey Court Rules and took fees and costs without court approval. They further recovered millions in fees and costs in their leadership role for which no credit was given to their individual clients.

6

28.   Defendants improperly exercised dominion and control over funds that Plaintiffs are legally entitled to, constituting acts of conversion.

29.   Defendants wrongfully received fees and costs, and have wrongfully converted those fees and costs.

WHEREFORE, plaintiff and the class members demands judgment in his favor against Defendants as follows:

A.   Certifying the class or subclasses;

B.   For compensatory and punitive damages;

C.   Interest cost of suit; and

D.   For such further relief as this court may deem just and equitable.

<u>THIRD COUNT</u>

30.   Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

31.   By and through Defendants' failure to credit the plaintiff and class members with reimbursement of expenses that Defendants received from the Benicar settlement as part of their leadership position, Mazie Slater has retained a benefit to which it is not entitled.

32.   Defendants have been unjustly enriched at Plaintiff and the class members' expense.

WHEREFORE, plaintiff and the class members demands judgment in his favor against Defendants as follows:

A.    Certifying the class or subclasses;

B.    For compensatory and punitive damages;

C.    Interest cost of suit; and

D.    For such further relief as this court may deem just and equitable.


                                    NAGEL RICE, LLP
                                    Attorneys for Plaintiffs
Dated: November 10, 2021        By: *Bruce H. Nagel*
                                    BRUCE H. NAGEL


### JURY TRIAL DEMAND

Plaintiff demands a jury trial for all claims so triable.

### TRIAL COUNSEL DESIGNATION

Pursuant to R. 4:25-4, Bruce H. Nagel, Esq. is hereby designated as trial counsel on behalf of plaintiffs.

### REQUEST TO PRESERVE ELECTRONICALLY STORED INFORMATION

Please take notice that Plaintiffs during the course of this lawsuit will request from the Defendant the discovery of electronically stored information (ESI). ESI may be present on home and business computers, cell phones, hard drives, floppy discs, DVDs and CDs, flash memory, voice mail systems, e-mail programs, PDAs, tablets, web pages, server backup tapes, etc. Defendant should not destroy any such materials which may be relevant to this case. Defendant should take steps to preserve all

information related in any way to Plaintiffs and/or this lawsuit. Storage and retention policies for all systems should be reviewed, and any automatic purges, deletions or write-overs must be stopped until this litigation is concluded. Failure to ensure that all currently existing ESI is maintained and protected may subject the Defendant to sanctions and adverse inferences for spoliation of evidence. Counsel for the respective parties can discuss how ESI will be exchanged.

## RULE 4:5-1 CERTIFICATION

I hereby certify that to the best of my knowledge, the matter in controversy is not the subject of another action pending in any Court or of a pending arbitration proceeding and that no other parties are necessary to join at this time.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


NAGEL RICE, LLP
Attorneys for Plaintiffs

Dated: November 10, 2021          By:___*Bruce H. Nagel*_____
                                     BRUCE H. NAGEL

## CERTIFICATION OF COMPLIANCE WITH RULE 1-38-7(c)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

|  | NAGEL RICE, LLP |
|---|---|
|  | Attorneys for Plaintiffs |
| Dated: November 10, 2021 | By: *Bruce H. Nagel* |
|  | BRUCE H. NAGEL |

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-008473-21

**Case Caption:** MARTINO ANTHONY  VS MAZIE, ESQ. DAVID

**Case Initiation Date:** 11/10/2021

**Attorney Name:** BRUCE H NAGEL

**Firm Name:** NAGEL RICE LLP

**Address:** 103 EISENHOWER PKWY
ROSELAND NJ 07068

**Phone:** 9736180400

**Name of Party:** PLAINTIFF : Martino, Anthony

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** YES

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Anthony Martino?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain)   attorney/client

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
      **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
      **If yes, for what language:**

**Please check off each applicable category:** Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/10/2021
Dated

/s/ BRUCE H NAGEL
Signed

Bruce H. Nagel, Esq. – ID# 025931977
NAGEL RICE, LLP
103 Eisenhower Parkway, Suite 103
Roseland, New Jersey 07068
(973) 618-0400
Attorneys for Plaintiffs

| | |
|---|---|
| ANTHONY MARTINO, On Behalf of Himself and All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID MAZIE, ESQ., ADAM SLATER, ESQ. AND MAZIE SLATER KATZ & FREEMAN LLC (hereinafter "Mazie Slater")<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY LAW DIVISION- ESSEX COUNTY DOCKET NO.: ESX-L-8473-21<br><br>Civil Action<br><br>SUMMONS |

From the State of New Jersey
To The Defendant(s) Named Above:        **MAZIE SLATER KATZ & FREEMAN LLC**

The Plaintiff named above, has filed a Complaint against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above.

A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated:  November 11, 2021                     s/ *Michelle Smith*
                                             MICHELLE SMITH
                                             Clerk of the Superior Court

Name of Defendant to be Served:        **MAZIE SLATER KATZ & FREEMAN, LLC**
Address of Defendant to be Served:     **103 Eisenhower Parkway, 2nd floor**
                                       **Roseland, NJ  07068**

### DEPUTY CLERKS OF THE SUPERIOR COURT

ATLANTIC COUNTY:
Lori Mooney, Clerk
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
*LAWYER REFERRAL:* (609) 345-3444
*LEGAL SERVICES:* (609) 348-4200

BERGEN COUNTY:
Kathleen A. Donovan, Clerk
119 Justice Center
10 Main Street
Hackensack, NJ 07601-7968
*LAWYER REFERRAL:* (201) 488-0044
*LEGAL SERVICES:* (201) 487-2166

BURLINGTON COUNTY:
Edward A. Kelly, Jr., Clerk
First Fl., Courts Facility
49 Rancocas Road
Mt. Holley, NJ 08060
*LAWYER REFERRAL:* (609) 261-4862
*LEGAL SERVICES:* (609) 261-1088

CAMDEN COUNTY:
Michael S. Keating, Clerk
First Fl., Hall of Records
501 Fifth Street
Camden, NJ 08103
*LAWYER REFERRAL:* (609) 364-4520
*LEGAL SERVICES:* (609) 364-2010

CAPE MAY COUNTY:
Angela F. Pulvino, Clerk (Law Division Filings)
Box DN-209
Cape May Courthouse, NJ 08210
or
(General Equity Filings)
Box DN-209A
Cape May Courthouse, NJ 08210
*LAWYER REFERRAL:* (609) 463-0313
*LEGAL SERVICES:* (609) 465-3001

CUMBERLAND COUNTY:
John G. Nardelli, Clerk
Courthouse, Direct Filing
Broad & Fayette Streets
Bridgeton, NJ 08302
*LAWYER REFERRAL:* (609) 452-5291
*LEGAL SERVICES:* (609) 451-0003/935-8024

MORRIS COUNTY:
Alfonse W. Scerbo, Clerk
CN-900, 30 Schuyler Place
Morristown, NJ 07960
*LAWYER REFERRAL:* (201) 267-5882
*LEGAL SERVICES:* (201) 285-6911

OCEAN COUNTY:
M. Dean Haines, Clerk
119 Court House, CN-2191
Toms River, NJ 08754
*LAWYER REFERRAL:* (908) 240-3666
*LEGAL SERVICES:* (908) 371-2727

PASSAIC COUNTY:
William L. Kattak, Clerk
Court House
77 Hamilton Street
Paterson, NJ 07505
*LAWYER REFERRAL:* (973) 278-9223
*LEGAL SERVICES:* (973) 345-7171

SALEM COUNTY:
John W. Cawman, Clerk
92 Market Street, P.O. Box 18
Salem, NJ 08079
*LAWYER REFERRAL:* (609) 678-8363
*LEGAL SERVICES:* (609) 451-0003

MIDDLESEX COUNTY:
Herbert P. Lashomb, Clerk
Court House, East Wing
Lobby Floor/P.O. Box 2633
One Kennedy Square
New Brunswick, NJ 08903-2633
*LAWYER REFERRAL:* (908) 828-0053
*LEGAL SERVICES:* (908) 249-7600

MONMOUTH COUNTY:
Jane Clayton, Clerk
P.O. Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
*LAWYER REFERRAL:* (908) 431-5544
*LEGAL SERVICES:* (908) 747-7400

GLOUCESTER COUNTY:
Joseph H. Hoffman, Clerk
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
*LAWYER REFERRAL:* (609) 848-4589
*LEGAL SERVICES:* (609) 848-5360

HUDSON COUNTY:
Frank E. Rodgers, Clerk
Superior Court, Civil Records Dept.
Brennan Court House
583 Newark Avenue
Jersey City, NJ 07306
*LAWYER REFERRAL:* (201) 798-2727
*LEGAL SERVICES:* (201) 792-6363

HUNTERDON COUNTY:
Dorothy K. Tirpok, Clerk
Hall of Records
71 Main Street
Flemington, NJ 08822
*LAWYER REFERRAL:* (609) 788-6112
*LEGAL SERVICES:* (609) 782-7979

MERCER COUNTY:
Albert E. Driver, Jr., Clerk
P.O. Box 8068
209 South Broad Street
Trenton, NJ 08650
*LAWYER REFERRAL:* (609) 890-6200
*LEGAL SERVICES:* (609) 695-6249

SUSSEX COUNTY:
Helen C. Ackerman, Clerk
Superior Court, Law Division
49 High Street
Newton, NJ 07860
*LAWYER REFERRAL:* (201) 267-5882
*LEGAL SERVICES:* (201) 383-7400

UNION COUNTY:
Walter G. Halpin, Clerk
First Floor, Court House
Elizabeth, NJ 07207
*LAWYER REFERRAL:* (908) 353-4715
*LEGAL SERVICES:* (908) 354-4340

WARREN COUNTY:
Terrance D. Lee, Clerk
Court House
Belvidere, NJ 07823
*LAWYER REFERRAL:* (201) 267-5882
*LEGAL SERVICES:* (201) 475-2010

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK              NJ 07102

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:  NOVEMBER 10, 2021
                        RE:    MARTINO ANTHONY  VS MAZIE, ESQ. DAVID
                        DOCKET: ESX L -008473 21

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

    DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE MANAGING JUDGE ASSIGNED IS:  HON KEITH E. LYNOTT

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (973) 776-9300 EXT 56908.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                    ATT: BRUCE H. NAGEL
                                    NAGEL RICE LLP

                                    103 EISENHOWER PKWY
                                    ROSELAND        NJ 07068

ECOURTS

Bruce H. Nagel, Esq. – ID# 025931977
NAGEL RICE, LLP
103 Eisenhower Parkway, Suite 103
Roseland, New Jersey 07068
(973) 618-0400
Attorneys for Plaintiffs

| | |
|---|---|
| ANTHONY MARTINO, On Behalf of Himself and All Other Persons Similarly Situated,<br><br>               Plaintiffs,<br><br>               v.<br><br>DAVID MAZIE, ESQ., ADAM SLATER, ESQ. AND MAZIE SLATER KATZ & FREEMAN LLC (hereinafter "Mazie Slater")<br><br>               Defendants | SUPERIOR COURT OF NEW JERSEY LAW DIVISION- ESSEX COUNTY DOCKET NO.<br><br>            Civil Action<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff, by his attorneys, Nagel Rice LLP, on behalf of himself and all others similarly situated, make the following allegations on personal knowledge and information and belief:

## I.   INTRODUCTION

1. Plaintiff brings this action for actual damages, equitable relief, including restitution, injunctive relief, and disgorgement of profits, and all other relief available on behalf of themselves and all similarly situated individuals who have retained the Defendants and been overcharged for legal fees and costs in violation of applicable Court Rules and Rules of Professional Conduct.

## II.   PARTIES

2.   Plaintiff is an individual residing in Brooklyn, New York.

3.   Defendant David Mazie is an Attorney and Partner in Mazie, Slater, Katz & Freeman, LLC ("Mazie Slater"), with offices in Roseland, New Jersey.

4.   Defendant Adam Slater is an Attorney and Partner in Mazie, Slater, with offices in Roseland, New Jersey.

### JURISDICTION AND VENUE

5.   This Court has personal jurisdiction over the Defendants because the individual defendants live in New Jersey and both defendants are principals of and work at Mazie Slater in Roseland, New Jersey. Venue is appropriate in this vicinage because Mazie Slater is located in the County of Essex.

### FACTUAL BACKGROUND

6.   Product liability lawsuits relating to the blood pressure medication Benicar were consolidated into a multidistrict litigation in federal court in New Jersey under MDL 2606 entitled In Re Benicar (Olmesartan) Products Liability Litigation.

7.   The litigation settled on August 1, 2017 when Daiichi Sankyo agreed to pay up to $300 million to settle 2,300 cases in the United States.  This amount was later increased.

2

8.   Adam Slater, of Mazie Slater was part of the leadership in the litigation being designated as co-lead counsel and also a member of the Plaintiffs' Executive Committee in this case.

9.   Additionally, Adam Slater was a member of the leadership committee that handled the litigation and was a member of the fee split committee that determined the allocation of the fees and costs paid to the leadership firms.   In that role, Slater voted his firm millions in fees and costs for work that had been performed for his individual clients.

10.   On information and belief, Slater never disclosed to his clients that his firm had, or would receive substantial fees and costs for the same, or substantially same, work that he had performed for each client and for which he received a full fee under the individual retainer agreements.

<u>CLASS ACTION ALLEGATIONS</u>

11.   Plaintiff brings this action on behalf of himself and all other persons similarly situated, pursuant to N.J. Court Rule 4:32-1(b)(3) and 4:32-1(b)(2).   The class is defined as all individuals who retained Mazie Slater to handle their Benicar claims.

12.   The class is at least 200 members and is so numerous that joinder of all members is impractical.

3

13.   There are questions of fact and law common to the members of the class, which predominate over any questions that affect only individual members. The predominant questions include:

(a)   Whether defendants were paid attorney's fees from settlements for Plaintiff and the class members which violated New Jersey law;

(b)   Whether defendants were over-paid for expenses of the litigation at the expense of their clients;

(c)   Whether by the misconduct set forth above, defendants committed legal malpractice;

(d)   Whether by the misconduct set forth above Defendants were unjustly enriched;

(e)   Whether by the misconduct set forth above, Defendants engaged in conversion;

14.   Plaintiff's claims are typical of the claims and defenses of all class members and are based on the same facts and legal theories.

15.   Questions of law and fact common to the members of the class predominate over any individual questions.

16.   Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in class action litigation.

17. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## CLAIMS FOR RELIEF

### FIRST COUNT

18. Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

19. Plaintiff and over 200 other class members engaged the firm Mazie Slater to handle claims involving the use of a drug known as Benicar.

20. Pursuant to the engagement defendants were bound by the fee provisions of the New Jersey Court Rules, including Rule 1:21-7(i), made applicable to litigation in the Federal Courts through Civil Local Rule 101.1, Civil Local Rule 103.1(a) and RPC 1.5.

21. After the case was settled through a global settlement, defendants were obligated to seek approval of any fees charged in excess of $3 million under the applicable court rules. Defendants intentionally failed to seek court approval and instead charged the maximum amount to each class member in total disregard for the requirement of the court rules.

22. On information and belief, Slater never disclosed to his clients that his firm had, or would receive substantial fees and costs for the same, or substantially same, work that he had

performed for each client and for which he received a full fee under the individual retainer agreements.

23. These actions constitute a breach of the applicable standard of care as an attorney and negligence and have proximately caused Plaintiff and the class members' injuries in the form of the overpayment of attorneys' fees and expenses.

24. Plaintiffs and the class members have been damaged as a result of Defendants' legal malpractice.

25. By virtue of the foregoing, defendants have committed legal malpractice and have damaged Plaintiff and the class members.

WHEREFORE, plaintiff and the class members demands judgment in his favor against Defendants as follows:

A. Certifying the class or subclasses;

B. For compensatory and punitive damages;

C. Interest cost of suit; and

D. For such further relief as this court may deem just and equitable.

### SECOND COUNT

26. Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

27. Defendants failed to honor the New Jersey Court Rules and took fees and costs without court approval. They further recovered millions in fees and costs in their leadership role for which no credit was given to their individual clients.

28. Defendants improperly exercised dominion and control over funds that Plaintiffs are legally entitled to, constituting acts of conversion.

29. Defendants wrongfully received fees and costs, and have wrongfully converted those fees and costs.

WHEREFORE, plaintiff and the class members demands judgment in his favor against Defendants as follows:

A.    Certifying the class or subclasses;

B.    For compensatory and punitive damages;

C.    Interest cost of suit; and

D.    For such further relief as this court may deem just and equitable.

<u>THIRD COUNT</u>

30. Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

31. By and through Defendants' failure to credit the plaintiff and class members with reimbursement of expenses that Defendants received from the Benicar settlement as part of their leadership position, Mazie Slater has retained a benefit to which it is not entitled.

32. Defendants have been unjustly enriched at Plaintiff and the class members' expense.

WHEREFORE, plaintiff and the class members demands judgment in his favor against Defendants as follows:

7

A.   Certifying the class or subclasses;

B.   For compensatory and punitive damages;

C.   Interest cost of suit; and

D.   For such further relief as this court may deem just and equitable.


                                        NAGEL RICE, LLP
                                        Attorneys for Plaintiffs
Dated: November 10, 2021        By: *Bruce H. Nagel*
                                        BRUCE H. NAGEL


### JURY TRIAL DEMAND

Plaintiff demands a jury trial for all claims so triable.

### TRIAL COUNSEL DESIGNATION

Pursuant to R. 4:25-4, Bruce H. Nagel, Esq. is hereby designated as trial counsel on behalf of plaintiffs.

### REQUEST TO PRESERVE ELECTRONICALLY STORED INFORMATION

Please take notice that Plaintiffs during the course of this lawsuit will request from the Defendant the discovery of electronically stored information (ESI). ESI may be present on home and business computers, cell phones, hard drives, floppy discs, DVDs and CDs, flash memory, voice mail systems, e-mail programs, PDAs, tablets, web pages, server backup tapes, etc. Defendant should not destroy any such materials which may be relevant to this case. Defendant should take steps to preserve all

information related in any way to Plaintiffs and/or this lawsuit. Storage and retention policies for all systems should be reviewed, and any automatic purges, deletions or write-overs must be stopped until this litigation is concluded. Failure to ensure that all currently existing ESI is maintained and protected may subject the Defendant to sanctions and adverse inferences for spoliation of evidence. Counsel for the respective parties can discuss how ESI will be exchanged.

### RULE 4:5-1 CERTIFICATION

I hereby certify that to the best of my knowledge, the matter in controversy is not the subject of another action pending in any Court or of a pending arbitration proceeding and that no other parties are necessary to join at this time.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

NAGEL RICE, LLP
Attorneys for Plaintiffs

Dated: November 10, 2021          By: *Bruce H. Nagel*
                                   BRUCE H. NAGEL

## CERTIFICATION OF COMPLIANCE WITH RULE 1-38-7(c)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

NAGEL RICE, LLP
Attorneys for Plaintiffs

Dated: November 10, 2021          By: _Bruce H. Nagel_
                                  BRUCE H. NAGEL

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-008473-21**

**Case Caption:** MARTINO ANTHONY VS MAZIE, ESQ. DAVID

**Case Initiation Date:** 11/10/2021

**Attorney Name:** BRUCE H NAGEL

**Firm Name:** NAGEL RICE LLP

**Address:** 103 EISENHOWER PKWY

ROSELAND NJ 07068

**Phone:** 9736180400

**Name of Party:** PLAINTIFF : Martino, Anthony

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** YES

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Anthony Martino?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain)   attorney/client

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/10/2021

Dated

/s/ BRUCE H NAGEL

Signed